Moses MUZQUIZ, Jr. D.B.A. Hancock House, Appellant,

v.

R. M. MAYFIELD AND CO., Appellee.

No. A2170.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 24, 1979.

Thomas C. McMahon, Houston, for appellant.

B. Lee Ware, Jr., Vinson & Elkins, Houston, for appellee.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Moses Muzquiz, dba Hancock House (appellant) brought this suit against R. M. Mayfield and Co. (appellee) to recover damages caused to appellant's apartment complex by flooding. After appellant rested, appellee moved for an instructed verdict, and in the alternative, to withdraw the case from the jury and render judgment that appellant take nothing. The motion was granted. Appellant has perfected his appeal and brings forward two points of error.

In the summer of 1973 flooding occurred at Muzquiz's apartment complex in Pasadena, Texas. Shortly before that time Mayfield had placed mounds of dirt on property adjoining the southern and eastern sides of the apartment project. When heavy rains hit the area, appellant claims that the piles of dirt impounded the flow of surface water running off from the apartment area. This caused the water to rise on appellant's property, eventually flooding several units of the apartment complex.

Appellee alleged that appellant did not prove all the elements of his common law negligence cause of action. Specifically, appellee claimed that Muzquiz did not offer any evidence of the natural flow of surface water around the apartment area.

Appellant, in his first point of error, urges that this requirement of proving the natural flow of surface water is not necessary in a negligent diversion of surface water case in regards to urban property.

■ The Supreme Court of Texas has set the standard to be followed in surface water cases in the absence of a controlling statute. *City of Houston v. Renault, Inc.,* 431 S.W.2d 322 (Tex.1968). In the present case, the statute, Tex.Wat.Code Ann. § 5.086 (Vernon 1972), does not apply because the defendant, Mayfield, was not a landowner and thus not within the provisions of the statute. *Kraft v. Langford,* 565 S.W.2d 223 (Tex.1978). The supreme court in *Renault* held that to be liable for interference with the flow of surface water, negligence must be shown. The supreme court also stated, that "this is the sound and better rule in the absence of a statute governing the rights and obligations of the parties, *at least with respect to urban property where conditions are constantly changing and it is generally difficult or even impossible to establish how surface water flowed 'when untouched and undirected by the hands of man.'"* *Id.* at 325 (emphasis added). The supreme court acknowledged the difficulties inherent in determining how the surface water flowed before any development in the area. In an urban environment such as Harris County, the natural

flow may have been changed numerous times before there is any litigation on the subject. Thus, to force plaintiffs in such actions to prove the natural flow of surface water "untouched by the hand of man" in an urban setting, would frequently deprive such litigants of an adequate remedy. The Restatement of Torts Section 833, comment a (1939) defines interference with the flow of surface water "as an obstruction, diversion or alteration of what has theretofore been regarded as the natural or normal flow of surface waters in the particular place where the interference occurs." Thus, it is the normal or natural flow of surface water at the time of diversion that should determine the rights of the parties in an urban area.

In cases where there has been an instructed verdict, the Texas Supreme Court has held that an appellate court must "determine whether there is any evidence of probative force to raise fact issues on the material questions presented . . . [and] . . . [t]he court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all contrary evidence and inferences." *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978).

There is evidence in the record that Mayfield placed piles of dirt along the southern and eastern side of the apartments. Furthermore, there is evidence from which the jury could believe that the apartment had never previously flooded; that the excess surface water would have flowed to the south and east of the apartment complex; and that there was mud in the drains on appellant's property similar to the spoil bank established by appellee after appellant's apartments were built. All this evidence, viewed in the light most favorable to appellant, is sufficient to raise fact issues on the questions of negligence, proximate cause and damages. Therefore, it was improper for the trial court to take the case from the jury.

We therefore reverse and remand this case to the trial court.

Reversed and remanded.